Dorsey D. and Norma N. Patterson v. Commissioner.
Patterson v. Commissioner
Docket No. 6006-65.
United States Tax Court
T.C. Memo 1966-219; 1966 Tax Ct. Memo LEXIS 67; 25 T.C.M. (CCH) 1132; T.C.M. (RIA) 66219; September 30, 1966
*67 Dorsey D. Patterson, pro se, 836 Elm Dr., Eugene, Ore. Merritt S. Yoelin, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1961 income tax in the amount of $654. Petitioner Dorsey D. Patterson is a laborer who lives in Eugene, Oregon. He was severly injured on his job in 1954 and only received a gross income of $710 that year. In the joint income tax return for 1961 which Dorsey and his wife Norma filed with the district director of internal revenue at Portland, they reported wages Dorsey received that year in the total amount of $10,744.49 and took many deductions, some of which were disallowed. There was a settlement of some of the disputed deductions and the only one now in issue here is a deduction in the amount of $3,083.33 which the return described as "Blue River, Oregon Adjustment 1954". Petitioner Dorsey tried his own case. [1] The return and the facts pertaining to his 1954 injury and income were all stipulated. Dorsey was the only witness and his position at the trial was hard to understand. He seems to be stating his ordinary year's income would be around $10,000 and his loss of income *68 in 1954 due to his physical injury served to justify his taking the deduction in 1961 of $3,083.33. He filed no brief so we do not know his contention to substantiate his reducing his 1961 income because of wages he did not receive in 1954. The lack of a basis in law for a deduction is so obvious that it needs no further discussion. The notice of deficiency in this case dated August 16, 1965, only disallows the $3,083.33 deduction. It shows respondent had computed petitioner's taxable income for 1961 as $5,867.01 and income tax liability of $1,210.74, of which $451.68 had been assessed prior to the notice and $105.06 was disclosed in the return. The determination of deficiency in the amount of $654 represents the difference between the income tax liability ($1,210.74) and the sum of $451.68 and $105.06. At the trial Dorsey produced his canceled check to the Internal Revenue Service for $427.50 dated August 11, 1965, which bears the notation: "1961 Income Tax, Penalties & Interest in Full". While there is some small discrepancy in amount, the check seems to be in payment of the *69 deficiency resulting from a partial agreement with respect to other challenged deductions. Respondent introduced the partial agreement (Form 870) signed by Dorsey, dated May 22, 1964, which plainly states, apparently in Dorsey's handwriting: "for Partial Agreement Only". Moreover, the printed form states the execution and filing of this form will not preclude "the assertion of a deficiency or a further deficiency * * *." The deficiency notice in this case is dated August 16, 1965, about 5 days after the date of the check. Form 870 shows an assessment of $467.98 but there is an attachment stating "the correct assessment is for $451.68." The latter is the figure used in the notice of deficiency. The amount of the check is a little less than the corrected amount stated in the partial agreement but it is obvious it must have been given to settle other disallowed deductions before the deficiency notice here involved was ever issued, and probably reflects some further adjustment by respondent in petitioner's favor. The discrepancy in amount did not prejudice petitioners and the notation on the check cannot be said to foreclose respondent from taking any action to collect any further taxes *70 due from the taxpayers for 1961. If the petitioners are arguing that the notation on the check constituted a compromise and settlement of their 1961 tax obligation, the law is otherwise. In the general law of compromise and settlement a canceled check has always been held to be nothing more than a receipt, and acceptance and endorsement of a check bearing a recital that it is in full satisfaction of an obligation does not necessarily amount to a full settlement of the obligation for which it is given. See In . Decision will be entered for the respondent. Footnotes
1. One of the deductions shown on the return was: "Law Course @ Univ. Ore. & travel exp = 172.00."↩